IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DEANDRE JACKSON**                                                                                   **PLAINTIFF**

VS.                                                      CIVIL ACTION NO. 5:22-cv-29-DCB-LGI

**WILKINSON COUNTY CORRECTIONAL FACILITY;
MANAGEMENT & TRAINING CORP.;
JOHN DOES 1-10; AND THEIR LIABILITY INSURERS          DEFENDANTS**

### FIRST AMENDED COMPLAINT

### JURY TRIAL DEMANDED

**COMES NOW,** Plaintiff, DEANDRE JACKSON, and files this First Amended Complaint against the Defendants, Wilkinson County Correctional Facility, Management & Training Corp., John Does 1-10, and their Liability Insurers, alleging the following:

### PARTIES

1.      This is a civil complaint brought by the Plaintiff, Deandre Jackson, a victim of violations of his civil rights and negligence stemming from a brutal assault, battery, and loss of peace of mind and the pursuit of happiness. Compensatory and punitive damages are sought against the Defendants and their Liability Insurers. A jury trial is demanded.

### JURISDICTION

2.      This action arises under the Preamble, along with the Eighth and Fourteenth Amendments of the United States Constitution, and under the Civil

Rights Act of 1871, 42 U.S.C. Sections 1983 and 1988. This Court has jurisdiction of this case under 28 U.S.C. Sections 1331 and 1343. This Court also has pendent jurisdiction over the state law claims of negligence.

## PARTIES

3. The Plaintiff Jackson is a state prisoner, who was at all times related to this complaint in the custody and under the control of the Defendants.

4. The Defendants John Does 1-10 were, at all times related to this complaint, employees of the Wilkinson County Correctional Facility and/or Management & Training Corp., charged with the responsibility of the care, custody, and control of plaintiff Jackson.

5. Defendant Wilkinson County Correctional Facility ("WCCF") is a political subdivision of the State of Mississippi, and for all times related to this was the employer of the Defendants John Does 1-10.

6. Defendant Management & Training Corp. is a for-profit corporation organized under the laws of the State of Delaware, with its principal place of business in Centerville, Utah. Defendant Management & Training Corp., upon information and belief, is responsible for day-to-day management of WCCF, and for all times related to this was the employer of the Defendant John Does 1-10.

## FACTS

7. Plaintiff Deandre Jackson was an inmate at the Wilkinson County Correctional Facility on April 24, 2019, when he was the victim of a brutal and unprovoked attack at the hands of four inmates. Plaintiff suffered eighteen (18) stab

wounds to his arms, neck, face and chest, resulting in two punctured lungs and a lengthy hospital stay and recovery.

8. At the time of the assault Plaintiff suffered, Defendants operated under a policy and procedure which provided that the staff would make periodic (30 minute) walk-throughs, in that, they were operating a protective custody facility on behalf of MDOC, and were duty bound to ensure the safety and well-being of all inmates confined in WCCF.

9. The Defendants operated under a policy and procedure that provided that inmates are prohibited from being inside rooms/cells of other inmates.

10. The WCCF's structural make-up involved individual rooms/cells in which the inmates lived, and the staff of WCCF could not see the inmates while in their rooms/cells, unless the staff walked through and passed by the doorways of the rooms/cells.

11. The Defendants failed to comply with, and enforce, the policy of making periodic walk-throughs, and the policy that inmates be prohibited from being in the rooms/cells of other inmates.

12. On April 24, 2019, while Plaintiff was in full compliance with all WCCF policies and procedures, four inmates brutally assaulted, battered and stabbed Plaintiff.

13. In light of the facts set forth above, the Defendants owed the Plaintiff a duty to ensure his safety while in custody by performing required periodic walk-throughs and enforcing the policy which prohibited inmates attacking other inmates,

but Defendants breached this duty, proximately causing the above-mentioned assault and battery.

14. In the wake of the evolving standards of decency of a maturing society, prisons and jails are equipped with surveillance cameras which monitors the housing units or dormitories where inmates live to enable staff to have constant view of the inmates in ensuring and protecting the inmates' safety and wellbeing.

15. WCCF and Management Training Corp. failed to comply with said evolving standards of decency of a maturing society.

16. WCCF is a facility charged, by contract with MDOC, to house and protect those inmates assigned to their custody.

17. Defendants' failure to provide adequate officers to inmate staffing ratio; failure to equip and maintain a proper classification system at the prison; failure to segregate violent inmates from non-violent inmates in their custody; and failure to enforce prison security rules, are acts, or omissions, individually, or taken together, that were the proximate cause of Plaintiff's injuries and resulting pain and suffering.

18. The Defendants, in acting or failing to act, as set out in the above paragraphs, were deliberately indifferent to the mandates of the 8th and 14th Amendments of the United States Constitution.

19. The Defendants' indifference (mentioned in paragraphs 17 above) was the actual and proximate cause of the deprivation of Plaintiff's rights to due process and to be free from cruel and unusual punishment.

20.    In light of the above facts, the Defendants acted deliberately and in reckless disregard of Plaintiff's 8th and 14th Amendment rights.

21.    The failure to protect Plaintiff from assault and battery was the result of the policy, practice and custom of Defendant Wilkinson County and Management & Training Corp. and its agents Defendants John Does 1-10, to inadequately train, supervise and discipline other Defendants and Officers who fail to protect inmates from assaults and other means of violence.

22.    The above-mentioned inadequate supervision, training, and discipline by the Defendants WCCF and Management & Training Corp. has led to the deprivation of Plaintiff's right to due process and right against cruel and unusual punishment.

23.    The above-mentioned policies, practices and customs have resulted in a culture of assaults/violence upon those inmates similarly situated to like Plaintiff.

24.    Plaintiff suffered physical pain during the brutal assault and battery and suffered mental pain after this assault and battery (unable to live without being haunted by the remembrance of the assault and battery.)

25.    The Defendants acted under color of law at all times relevant to this Complaint.

## FIRST CAUSE OF ACTION

26.    The failure of the Defendants to protect Plaintiff constituted negligence and violation of Plaintiff's 8th and 14th Amendment Rights.

## SECOND CAUSE OF ACTION

27. The failure of the Defendants to protect Plaintiff resulted in, and constituted, a violation of Plaintiff's Federal Constitutional Right to the pursuit of happiness.

## PRAYER FOR RELIEF

Plaintiff Deandre Jackson requests the Court to award him compensatory damages, punitive damages, attorneys' fees, and all costs of court, and that these awards be assessed against the Defendants separately in their individual capacities.

THIS the 7th day of July, 2022.

Respectfully submitted,

DEANDRE JACKSON, PLAINTIFF

By: _____
Philip C. Hearn, Esq. (MSB# 9366)
HEARN LAW FIRM, P.A.
P. O. Box 5009
Jackson, MS  39296-5009
Telephone:  601.720.3541
Facsimile:  662.524.3530
Email:  philiphearn@yahoo.com

By: _____
James L. Farrior, III, Esq. (MSB# 5149)
P.O. Box 4369
Biloxi, MS  39535
Telephone:  228.388.1924
Facsimile:  228.388.0883
Email: james@farriorlawfirm.com