IN THE UNITED STATE DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

DEANDRE JACKSON                                                       PLAINTIFF

vs.                              Civil Action No. 5:22-cv-29-DCB-LGI

WILKINSON COUNTY CORRECTIONAL FACILITY;
MANAGEMENT & TRAINING CORP.; JOHN DOES 1-10;
and THEIR LIABILITY INSURERS                                         DEFENDANTS

ORDER

BEFORE THE COURT is Defendant Management & Training Corporation's ("MTC") Motion to Dismiss for Failure to State a Claim ("Motion"). [ECF No. 5]. The Court having examined the Motion, the parties' submissions, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.   Procedural and Factual Background

Plaintiff Deandre Jackson ("Plaintiff"), an inmate at the Wilkinson County Correctional Facility ("WCCF"), alleges that other inmates attacked him on April 24, 2019. [ECF No. 2] at 2-3. Plaintiff filed suit against WCCF and several fictitious John Does on April 22, 2022, only days before the three-year statute of limitations ran. [ECF No. 1]; Miss. Code Ann. § 15-1-49. Plaintiff amended his Complaint on July 7, 2022, well after the

statute of limitations had run, adding MTC as a defendant. [ECF No. 2].

On August 22, 2022, MTC filed this instant Motion, arguing that the statute of limitations barred Plaintiff's Amended Complaint because it does not "relate back" to the original Complaint as required by F.R.C.P. Rule 15(c)(1)(C)(ii). [ECF No. 5]. Plaintiff opposes this Motion, arguing that under Krupski v. Costa Crociere, his amendment relates back and precludes dismissal. [ECF No. 12] at 2-4.

The Court will analyze Defendant MTC's Motion in light of caselaw regarding Rule 15 relation back and other applicable law.

II.  Standard

"[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." Miller v. BAC Home Loans Servicing, L.P., 726 F.3d 717, 726 (5th Cir. 2013) (quoting Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994)). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003).

A party may add defendants to a suit and have those claims relate back to the filing of the original complaint when the requirements of Federal Rule of Civil Procedure 15(c) are met. Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 547, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010). Such an amendment, if proper, precludes dismissal by reason of the statute of limitation running. Id., at 550, 130 S.Ct. 2485. When a plaintiff has made a mistake in identifying the originally named defendants, the only question to be answered before a claim can relate back to a newly added defendant is "whether [the newly added defendant] knew or should have known that, absent some mistake, the action would have been brought against him." Id., at 549, 130 S.Ct. 2485.

The Fifth Circuit has held that "for a 'John Doe' defendant, there [i]s no 'mistake' in identifying the correct defendant; rather the problem was not being able to identify that defendant." Jacobsen v. Osborne, 133 F.3d 315, 321 (5th Cir.1998). The absence of mistake inhibits relation-back.

Likewise, "an error based on a lack of knowledge rather than confusion about the identities of parties does not qualify as a mistake under Rule 15." Shaidnagle v. Adams Cnty., Miss., 88 F. Supp. 3d 705, 716 (S.D. Miss. 2015)(citing Trigo v. TDCJ-CID Officials, No. H052012, 2010 WL 3359481, at *14 (S.D.Tex.

3

Aug. 24, 2010)). "The realization that additional parties could have been sued is generally not a mistake of identity. Such an error is usually based on a lack of knowledge, not on mistaken knowledge about the identities of the parties." Id.

III. Analysis

An amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

"Rule 15(c) cannot be read to mean that any untimely cross-claim or pleading automatically relates back to the original complaint or answer merely because the later pleading arises

4


from the same conduct, transactions and occurrences; otherwise, all cross-claims would be exempted from any time limitations because such claims must arise out of the same conduct, transactions, and occurrences in order to be asserted as cross-claims." Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Texas, 20 F.3d 1362, 1368, fn. 6 (5th Cir. 1994). "Rather, there must be indication that the opposing party has been put on notice." Id. (citing 6A Charles A. Wright, et al., Federal Practice and Procedure § 1496 (1990)).

In his Amended Complaint, Plaintiff did not merely substitute the Defendants included in the initial Complaint, he added MTC. [ECF No. 2]. Where an Amended Complaint adds "entirely new defendants, sued in addition to [the] original defendants...the element of 'mistake' is lacking, such that Rule 15(c)(1)(C) is not applicable." Robinson v. Lipps, No. 6:18-CV-01062, 2019 WL 3574708, at *7 (W.D. La. July 17, 2019), report and recommendation adopted, No. 6:18-CV-01062, 2019 WL 3588186 (W.D. La. Aug. 5, 2019).

Plaintiff discovered another party that he could add to this action, and then filed an Amended Complaint to do so. As discussed supra, realizing that an additional party can be sued is not a "mistake" as contemplated by Rule 15. Shaidnagle, 88 F. Supp. 3d at 716.

Furthermore, the Complaint does not set forth any factual allegations against MTC suggesting that it was in any way involved in the incident, and MTC had no reason to know, on the face of the Complaint, that it would be named as a defendant in this suit. [ECF No. 2]. Even if it would be reasonable to assume that MTC was generally aware of this suit's existence, which it vehemently denies, this inference would not support a finding that MTC could have anticipated being named as a party. Shaidnagle, 88 F. Supp. 3d at 716; [ECF No. 13] at 3.

Plaintiff has failed to establish that its Amended Complaint related back under any provision of Rule 15.

IV.  Conclusion

Accordingly, the Court finds that Plaintiff's Amended Complaint does not relate back under Rule 15. Because the Amended Complaint does not relate back, the Court finds that Plaintiffs' claims against MTC should be dismissed.

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim [ECF No. 5] is GRANTED.

SO ORDERED, this 23rd day of September, 2022.

/s/ David Bramlette  
DAVID C. BRAMLETTE III  
UNITED STATES DISTRICT JUDGE