IN THE UNITED STATE DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

DEANDRE JACKSON                                           PLAINTIFF

vs.                              Civil Action No. 5:22-cv-29-DCB-LGI

WILKINSON COUNTY CORRECTIONAL FACILITY;
JOHN DOES 1-10; and THEIR LIABILITY INSURERS            DEFENDANTS

<u>ORDER</u>

BEFORE THE COURT is Plaintiff Deandre Jackson's ("Plaintiff") Motion for Default Judgment ("Motion"). [ECF No. 16]. The Court having examined the Motion, the parties' submissions, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.   Procedural and Factual Background

Plaintiff, an inmate at the Wilkinson County Correctional Facility ("WCCF"), alleges that other inmates attacked him on April 24, 2019. [ECF No. 2] at 2-3. Plaintiff filed suit against WCCF and several fictitious John Does on April 22, 2022, only days before the three-year statute of limitations ran. [ECF No. 1]; Miss. Code Ann. § 15-1-49. On July 7, Plaintiff filed an amended complaint, with which Plaintiff served WCCF on August 18, 2022. [ECF No. 16-1] at 1.

On October 14, 2022, Plaintiff filed the instant Motion pursuant to F.R.C.P. 55 for failure to answer, appear, or otherwise defend in this case. [ECF No. 16]. Three days later, WCCF filed its answer. [ECF No. 17]. No entry of default has been entered against WCCF in this case. [ECF No. 18] at 2.

II.  Standard

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n, 874 F.2d 274, 276 (5th Cir.1989). "[T]hey are available only when the adversary process has been halted because of an essentially unresponsive party." Id. (citation and quotation marks omitted). "[T]he courts have evidenced a clear and salutary preference for disposition of litigation on the merits; rather than by default judgment." Amberg v. Fed. Deposit Ins. Corp., 934 F.2d 681, 685 (5th Cir.1991) (citation and quotation marks omitted).

"Federal Rule of Civil Procedure 55 governs the entry of default and default judgment against a defendant who has failed to plead or otherwise defend." See Fed. R. Civ. P. 55. "Obtaining a default judgment is a three-step process involving the defendant's default, the entry of default by the Clerk, and

a default judgment." See N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996).

   III. Analysis

Even assuming arguendo that Plaintiff correctly effected service of WCCF and that WCCF failed to answer within the requisite timeframe, this Motion was prematurely filed. Before a default judgment can be entered, the clerk must make an entry of default. Brown, 84 F.3d at 141. No such entry was made in this case. [ECF No. 18] at 2.

Furthermore, now that WCCF has filed its answer, an entry of default is inappropriate. "As a general rule, the clerk of court should not make an entry of default if the defendant has answered, filed a motion to dismiss, or taken some action to otherwise defend." See McNeely v. Experian Information Solutions, Inc., 2008 WL 4525054, at *1 (E.D. Tex. 2008).

Plaintiff's failure to procure an entry of default when one was still viable precludes the Court from granting a default judgment. Brown, 84 F.3d at 141. As such, this case is not an "extreme situation" that would warrant the highly disfavored remedy of a default judgment. Pelican Homestead & Savs. Ass'n, 874 F.2d at 276; Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

IV.  Conclusion

ACCORDINGLY,

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment [ECF No. 16] is DENIED.

SO ORDERED, this 2nd day of November, 2022.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE